IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENEE DAVIS** <br> 6545 Hilmar Drive, <br> Apartment 402 <br> Forestville, Maryland 20747 <br> <br> Plaintiff, <br> <br> v. <br> <br> **COASTAL INTERNATIONAL SECURITY, INC.** <br> 1197 Spring Avenue <br> Surfside Beach, South Carolina 29575 <br> <br> Defendant. | Civil Action No: <br> <br> **JURY DEMAND** |

## COMPLAINT

1.  COMES NOW the Plaintiff, Renee Davis, by and through her counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and respectfully presents this Complaint against the Defendant, Coastal International Security, Inc., to enforce her rights under the District of Columbia Human Rights Act § 2-1402.11, *et seq*.

## JURISDICTION

2.  This action is invoked pursuant to 28 U.S.C. § 1332. Jurisdiction is proper as Plaintiff Renee Davis is a resident of the State of Maryland; and Defendant Coastal International Security, Inc. is an out-of state corporation whose principal place of business (i.e., international headquarters) is in the State of South Carolina; and the matter in controversy exceeds the sum or value of $75,000.00.

## VENUE

3. Venue is proper in the District of Columbia as the Defendant is located in the District of Columbia and the acts complained of occurred within said jurisdiction.

## FACTS

4. Plaintiff Renee Davis is female.

5. Plaintiff was an employee of Defendant Coastal International Security, Inc. from August 2002 to September 29, 2005.

6. Defendant Coastal International Security, Inc. is an "employer" within the scope of the District of Columbia Human Rights Act.

7. Plaintiff Renee Davis was the named Plaintiff in a sex discrimination suit against Defendant Coastal International Security, Inc., case no. 1:05-cv-00666.

8. The sex discrimination suit described in paragraph 7 was filed in the U.S. District Court on April 4, 2005.

9. The sex discrimination suit described in paragraph 7 was dismissed with prejudice on July 11, 2005 because the parties had reached a settlement agreement.

10. On or about June 29, 2005, Plaintiff Renee Davis had false criminal charges filed against her.

11. On or about June 29, 2005, Anthony Byrd ("Byrd") had criminal charges filed against him.

12. Byrd is an employee of Defendant Coastal International Security, Inc..

13. Byrd is a male.

14. On or about August 24, 2005, Plaintiff Renee Davis was removed from her post because of the false criminal charges against her described in paragraph 10.

15. Defendant Coastal International Security, Inc. had actual knowledge of the criminal charges described in paragraph 11.

16. On or about September 29, 2005, Plaintiff Renee Davis was permanently removed from her post and from the contract because she received an unfavorable suitability review due to the pending false criminal charges against her.

17. Upon information and belief, Plaintiff Renee Davis was not scheduled for a suitability review until April 2006.

18. At all times relevant to this Complaint, Byrd was never permanently removed from his post.

19. At all times relevant to this Complaint, Byrd was never permanently removed from the contract.

20. Upon information and belief, at all times relevant to this complaint, Defendant Coastal International Security, Inc. did not conduct a suitability review of Byrd or other similarly situated people who had not engaged in a protected activity.

21. When she was removed from the contract, Plaintiff Renee Davis was not able to work for or collect wages from Defendant Coastal International Security, Inc..

22. Notwithstanding the information described in paragraph 23, Defendant Coastal International Security, Inc. denied Plaintiff Renee Davis unemployment benefits.

23. Plaintiff Renee Davis was found not guilty for the charges described in paragraph 10 and she was exonerated.

## **COUNT I**

### **UNLAWFUL DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402.11**

24. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 23.

25. Defendant is an "employer" within the scope of the District of Columbia Human Rights Act.

26. Plaintiff is a member of a protected class based on her sex (female).

27. Plaintiff suffered an unlawful, discriminatory, and adverse change in employment with respect to her terms, conditions, or privileges of employment, including being removed from the contract based on her membership in a protected class, namely her sex (female).

28. Plaintiff suffered an unlawful, discriminatory, and adverse employment action, change, limitation and/or classification that deprived and/or tended to deprive Plaintiff of employment opportunities and otherwise adversely affect her status as an employee and/or privileges of employment based on her membership in a protected class, namely her sex (female).

29. Plaintiff suffered adverse employment action(s) when she was removed from her post and removed from the contract.

30. Defendant intentionally discriminated against Plaintiff in violation of the District of Columbia Human Rights Act § 2-1402.11 on account of her sex (female).

## COUNT II

### UNLAWFUL RETALIATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402.61(a)

31. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 30.

32. Plaintiff participated in a protected activity (filing a lawsuit based on the rights granted or protected by the District of Columbia Human Rights Act § 2-1401.05).

33. Plaintiff suffered an unlawful discriminatory practice when Defendant threatened, retaliated, attempted to coerce and/or interfered with Plaintiff in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under the District of Columbia Human Rights Act § 2-1401.05.

34. Defendant intentionally retaliated against Plaintiff Renee Davis in violation of the District of Columbia Human Rights Act § 2-1401.05 on account of her engagement in participation in activity protected by District of Columbia Human Rights Act § 2-1402.11 (filing a lawsuit based on the rights granted or protected by the District of Columbia Human Rights Act § 2-1401.05).

### RELIEF SOUGHT

35. Plaintiff re-pleads and re-alleges, with the same force as if set forth separately and at length herein, paragraphs 1 – 34.

36. Plaintiff requests the following relief:

37. Compensatory and punitive damages in the amount of $1,500,000.00.

38. Pre and Post-judgment interest.

39. Lost income.

40. Back pay.

41. Front pay.

42. The costs of litigation, including reasonable attorney's fees and expert witness fees.

43. Such other relief that may be just.

## JURY DEMAND

44. Plaintiff Renee Davis demands a trial by jury.

                                                            Respectfully submitted,

                                                            _____/s/_____
                                                            Jimmy A. Bell, Esq.
                                                            Law Office of Jimmy A. Bell, P.C.
                                                           9610 Marlboro Pike
                                                           Upper Marlboro, MD 20772
                                                           Tel.: (301) 599-7620
                                                           Fax: (301) 599-7623
                                                           Bar No. MD 14639