## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENEE DAVIS** | ) |
| | ) **1:06 CV 00135** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **COASTAL INTERNATIONAL** | ) |
| **SECURITY, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ANSWER TO COMPLAINT

Defendant Coastal International Security, Inc. hereby answers plaintiff's complaint. Any allegation not explicitly admitted below is hereby denied.

1.     Defendant admits plaintiff presents this complaint under the D.C. Human Rights Act but denies any unlawful conduct or liability.

## JURISDICTION

2.     Defendant admits it is a South Carolina Corporation doing business in the District of Columbia, plaintiff resides in Maryland, and plaintiff is seeking in excess of $75,000. The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

## VENUE

3.     Defendant denies any unlawful activity. The remaining allegations in paragraph 3 are legal conclusions to which no response is required.

## STATEMENT OF FACTS

4.      Defendant admits the allegations in paragraph 4.

5.      Defendant admits plaintiff has been an employee of Defendant since August 2002.  Defendant denies the remaining allegations in paragraph 5.

6.      The allegations in paragraph 6 are legal conclusions to which no response is required.

7.      Defendant admits the allegations in paragraph 7.

8.      Defendant admits the allegations in paragraph 8.

9.      Defendant admits the allegations in paragraph 9.

10.      Defendant admits plaintiff had criminal charges filed against her. Defendant is without sufficient information to form a belief as to the remaining allegations in paragraph 10 and on that basis denies these allegations.

11.      Defendant admits Anthony Byrd had criminal charges filed against him. Defendant is without sufficient information to form a belief as to the remaining allegations in paragraph 11 and on that basis denies these allegations.

12.      Defendant admits the allegations in paragraph 12.

13.      Defendant admits the allegations in paragraph 13.

14.      Defendant admits plaintiff was removed from her post.  Defendant denies the remaining allegations in paragraph 14.

15.      Defendant denies the allegations in paragraph 15

16.      Defendant admits on or about September 29, 2005, plaintiff was removed from her post and from the contract.  Defendant denies the remaining allegations in paragraph 16.

17.     Defendant denies the remaining allegations in paragraph 17.

18.     Defendant admits the allegations in paragraph 18.

19.     Defendant admits the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant admits the allegations in paragraph 21

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant is without sufficient information to form a belief as to the allegations in paragraph 23 and on that basis denies these allegations.

## COUNT I

24.     Defendant incorporates its responses to paragraphs 1-23 above as if fully re-stated here.

25.     The allegations in paragraph 25 are legal conclusions to which no response is required.

26.     Defendant admits the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

## COUNT II

31.     Defendant incorporates its responses to paragraphs 1-30 above as if fully re-stated here.

32.     The allegations in paragraph 32 are legal conclusions to which no response is required.

33.    Defendant denies the allegations in paragraph 33.

34.    Defendant denies the allegations in paragraph 34.

## RELIEF SOUGHT

35.    Defendant incorporates its responses to paragraphs 1-34 above as if fully re-stated here.

36.    Defendant denies plaintiff is entitled to any relief.

37.    Defendant denies plaintiff is entitled to the relief sought in paragraph 37.

38.    Defendant denies plaintiff is entitled to the relief sought in paragraph 38.

39.    Defendant denies plaintiff is entitled to the relief sought in paragraph 39.

40.    Defendant denies plaintiff is entitled to the relief sought in paragraph 40.

41.    Defendant denies plaintiff is entitled to the relief sought in paragraph 41.

42.    Defendant denies plaintiff is entitled to the relief sought in paragraph 42.

43.    Defendant denies plaintiff is entitled to the relief sought in paragraph 43.

## JURY DEMAND

44.    No response is required to plaintiff's demand for a jury trial.

WHEREFORE, defendant denies plaintiff is entitled to any damages or relief.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the complaint, defendant alleges as follows:

### First Defense

The complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## Second Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, election of remedies, failure to exhaust administrative remedies, and / or jurisdictional prerequisites to suit.

## Third Defense

Plaintiff's claims for damages are barred or reduced by her failure to mitigate the alleged damages.

## Fourth Defense

All or a portion of plaintiff's claims are barred by estoppel, release, laches, set-off, or waiver.

## Fifth Defense

At all times relevant hereto, defendant acted in good faith and has not violated any rights that may be secured to plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

## Sixth Defense

Any and all actions taken by defendant with respect to plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons.

## Seventh Defense

Plaintiff's claims are barred and/or recovery of damages is precluded due to plaintiffs' own misconduct that may be revealed during the discovery process.

## Eighth Defense

Plaintiff's claims are barred because defendant has not taken any adverse employment action against plaintiff.

WHEREFORE, defendant requests that the Court dismiss plaintiff's complaint and award defendant fees and costs.

Respectfully submitted,

**JACKSON LEWIS LLP**

February 28, 2006

By: /s/ John M. Remy
John M. Remy (D.C. Bar No.461244)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 28, 2006 copy of the foregoing *Answer to Complaint* was mailed, first-class mail, postage prepaid, to:

Jimmy A. Bell, Esq.
Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
Counsel for Plaintiffs

_/s/ John M. Remy_____