UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE DAVIS | ) |
|             Plaintiff, | ) 1:0506CV00135 |
| v. | ) |
| COASTAL INTERNATIONAL SECURITY, INC. | ) |
|             Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND FOR SANCTIONS**

Defendant Coastal International Security, Inc. ("CIS"), through counsel, submits this memorandum of points and authorities in support of its motion to compel plaintiff's discovery responses and for sanctions. As explained below, on September 13, 2006, defendant served plaintiff with requests for production and interrogatories. Plaintiff has not provided any written discovery responses and such responses are now more than three weeks overdue. Defendant asks the Court to order plaintiff to provide answers to interrogatories, written responses to document requests and copies of responsive documents to defense counsel within 5 days of the Court's order and to reimburse Defendant for reasonable expenses including attorneys fees for this motion.

**I.   SUMMARY OF FACTS**

On September 13, 2006, plaintiff's counsel was served with Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production of Documents via overnight delivery. Copies of defendant's discovery requests and the accompanying

cover letter sent to plaintiff's counsel are attached to this Memorandum as Exhibit A. Under Federal Rules of Civil Procedure 33 and 34, plaintiff's responses to defendant's written discovery requests were due on October 16, 2006.

Plaintiff failed to provide any response to the discovery requests by the deadline established by the Rules. On October 23, 2006, defense counsel sent plaintiff's counsel a letter informing him that plaintiff's discovery responses were overdue and asking that he provide all responses no later than October 30, 2006. A copy of defense counsel's letter is attached to this Memorandum as Exhibit B. On October 27, 2006, plaintiff's counsel left defense counsel a voicemail message indicating that he would produce the discovery responses by October 30. However, plaintiff never produced the responses.

On October 31, 2006, defense counsel sent plaintiff's counsel an e-mail and letter offering him one more opportunity to produce the overdue discovery responses. Defense counsel asked plaintiff respond to the discovery requests by November 3, 2006. Copies of defendant counsel's e-mail and the follow up letter sent to plaintiff's counsel the same day, are attached to this Memorandum as Exhibits C and D. On November 1, 2006, a paralegal from plaintiff's counsel's office called defense counsel and acknowledged receiving the e-mail. Plaintiff did not produce the discovery responses by November 3. To date, plaintiff's overdue discovery responses are still outstanding.

## II.    ARGUMENT

### A.    The Court Should Compel Plaintiff's Discovery Responses

Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure provides:

> If . . . a party fails to answer an interrogatory submitted under Rule 33 or, if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering

> party may move for on order compelling an answer . . . or an order compelling inspection in accordance with the request.

Here, plaintiff's responses to defendant's discovery requests are more than three weeks overdue. Defendant's counsel has provided plaintiff with two separate opportunities to comply with his obligations under the discovery rules and plaintiff has nevertheless failed to produce the required responses. Plaintiff's counsel has never offered any reasons for his failure to comply with the Rules and has not made any commitment to respond to discovery. There is no excuse for such a flagrant disregard for discovery obligations.

Accordingly, defendant requests an order compelling complete answers to Defendant's First Set of Interrogatories and written responses to Defendants' First Set of Requests for Production of Documents, and production of responsive documents, within 5 days of the Court's order.

### B. Rule 37 Requires Sanctions Against Plaintiff and/or his Counsel

Rule 37 (d) provides:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories . . . or (3) to serve a written response to a request for inspection submitted under Rule 34 . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . In lieu of any order or in addition thereto, the Court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . .

*See also* Rule 37(a)(4) ("If the motion [to compel] is granted, the Court *shall* . . . require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. . .").

Here, it is undisputed that plaintiff has failed to serve answers or objections to Defendant's First Set of Interrogatories and Defendant's First Request for Production of Documents. Pursuant to Rule 37, defendant is entitled to its reasonable expenses, including attorney's fees, for the drafting and filing of this motion and for defense counsel's efforts to secure plaintiff's compliance with his discovery obligations.

Accordingly, defendant requests permission to submit a petition for reasonable expenses, including attorney's fees.

### III.  CONCLUSION

For the foregoing reasons, defendant asks the Court to grant this motion and enter the attached order compelling plaintiff's responses and imposing the requested sanctions.

Respectfully submitted,

**JACKSON LEWIS LLP**

November 9, 2006

By: /s/ John M. Remy
John M. Remy (D.C. Bar No.461244)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*