

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| 8614 Westwood Center Drive | BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| Suite 950 | CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| Vienna, VA 22182 | CLEVELAND, OH | MORRISTOWN, NJ | SEATTLE, WA |
| Tel 703 821-2189 | DALLAS, TX | NEW YORK, NY | STAMFORD, CT |
| Fax 703 821-2267 | GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC |
| www.jacksonlewis.com | HARTFORD, CT | PITTSBURGH, PA | WHITE PLAINS, NY |
| | LONG ISLAND, NY | | |

DIRECT DIAL: 703-821-4306
E-MAIL: REMYJ@JACKSONLEWIS.COM

September 13, 2006

**FOR SETTLEMENT PURPOSES ONLY**
**VIA OVERNIGHT MAIL**
Jimmy A. Bell, Esq.
Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772

                       Re:  Davis v. Coastal International Security,
                          Inc.; case no. 1:0506CV00135

Dear Jim:

    As explained in my other letter of today's date, enclosed please find defendant's first sets of interrogatories and requests for production to plaintiff and a notice of deposition to plaintiff. If the date on the notice is not convenient for you or your client, please contact me as soon as possible to arrange for another date.

                       Very truly yours,

                       JACKSON LEWIS LLP

                       John M. Remy

cc:    Stacey-Ann Jones (*CIS*) (*w/o encl.*)

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE DAVIS )<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>COASTAL INTERNATIONAL )<br>SECURITY, INC. )<br>)<br>         Defendant. )<br>) | 1:0506CV00135 |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant Coastal International Security, Inc. ("Coastal") by counsel, serves its First Set of Interrogatories to Plaintiff to be answered in compliance with Fed. R. Civ. Pro. 33, and the local rules of the District Court for the District of Columbia, separately and fully, in writing and under oath, and within 30 calendar days of service.

### Instructions

1. Your response shall set forth the interrogatory, and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you.

2. Your answers "shall include all information available" to you "directly or through agents, representatives, or attorneys."

3. These interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly.

4.  If you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogating party to locate and identify the records from which the answer may be ascertained.

5.  If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

6.  No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of an interrogatory.

## Definitions

The following terms have the following meanings in these interrogatories:

1.  "Document" includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form. "Document" includes the original and every non-identical draft or copy of the original and every draft or copy containing any commentary or notation whatsoever that does not appear on the original. "Document" also includes all forms of tangible evidence.

2.  "Identify", "identity", or "identification", (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is,

whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

    3.    "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

    4.    "You" and "your" and "Plaintiff" mean Renee Davis, and includes her attorneys, representatives and agents.

    5.    "Defendant" means Defendant Coastal International Security, Inc. ("Coastal").

    6.    "Communicate" or "communication" mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, e-mail, personal delivery, electronically, or otherwise.

    7.    "Describe" when used in reference to an event or incident means to state the date, time, location and details of the event or incident and identify all persons who witnessed the event or incident.

8.  "Relating to" or "related" mean regarding, consisting of, referring to, constituting, reflecting or being connected with the matter discussed in any way.

9.  "Complaint" means the complaint filed in the above-captioned action by Plaintiff against Defendant.

### Interrogatories

1.  Identify the person or persons answering these Interrogatories and each person who provided information that was used in preparing the responses to these interrogatories.

2.  For each person listed in response to Interrogatory No. 1, identify the interrogatory response(s) for which that person provided information.

3.  Identify all criminal charges brought against Plaintiff after June 1, 2005. Include in your answer the offense charged, the charging authority, the date of the charge, and the resolution of the charge. Identify all related documents.

4.  Identify each person known to Plaintiff to have knowledge of facts relating to any allegation in the Complaint or any defense raised by Defendant in its Answer, and for each such person, state all the facts believed to be known by that person. Identify all related documents.

5.  Identify every person Plaintiff or her representative(s) contacted, interviewed or communicated with during any investigation in connection with this matter. Identify all related documents.

6.  State Plaintiff's full name, current address, all addresses for the past 10 years, date of birth, place of birth, marital status, citizenship, drivers license number, any other name Plaintiff has used or by which she has been known, the dates she was known by such name,

the reasons for each name change, and every social security number she has used. Identify all related documents.

7. Identify each educational institution Plaintiff attended and state the dates of attendance, whether Plaintiff received a degree or certificate, and the nature and the date of the degree or certificate, if applicable. Identify all related documents.

8. State whether Plaintiff applied for unemployment compensation, workers' compensation benefits or any other disability benefits before or during Plaintiff's employment with Defendant. If so, identify each agency, the date of the application, the amount of the benefit paid, and the period of time the benefit was paid. Identify all related documents.

9. Identify each job or position of any nature Plaintiff has held since August 1, 2002, other than with Defendant, including: the applicable employer's/company's last known address and telephone number; the date(s) of employment/affiliation; Plaintiff's job titles; the name of Plaintiff's supervisors; the duties Plaintiff performed; Plaintiff's rate or rates of pay during each of the above positions, any other compensation or remuneration received by Plaintiff in connection with each job; and whether the relationship ended voluntarily or involuntarily. Identify all related documents.

10. Identify each job or position of any nature that Plaintiff applied for during the time period from June 29, 2005 to the present, but did not obtain. Identify all related documents.

11. Identify each doctor, medical or health care provider, social worker or other mental health professional with whom you have consulted or seen in connection with any "compensatory damages" or emotional, physical, or mental injuries or damages you allege to have experienced as a result of the conduct alleged in the Complaint, and for each such person

identify the date or dates upon which you visited that person, the specialty or type of practice of that person, the reason you visited each person, the diagnosis, any treatment prescribed, and the prognosis. Identify all related documents.

12. Identify each doctor, medical or health care provider, social worker or other mental health professional whom you have consulted since January 1, 1996 in connection with any emotional, mental, or psychological condition or ailment whether or not you claim the condition or ailment has any connection to the conducts of Defendant or your claims in this case. For each such person identify the date or dates upon which you visited that person, the specialty or type of practice of that person, the reason you visited each person, the diagnosis, any treatment prescribed, and the prognosis.

13. Identify all current or former employees, officers, or directors of Defendant with whom you have communicated since June 29, 2005 concerning the allegations in the Complaint or any issue relating to this case. Include in your answer the date and form of the communication and describe the substance of the communication. Identify all related documents.

14. If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money for each type of damage sought and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation. Identify all related documents.

15. State whether Plaintiff has been a defendant or a plaintiff in any civil or criminal legal action (including workers' compensation). If so, describe each legal action, including the caption of the case, the forum, the case number, the substance of the complaint, Plaintiff's role in the action and the status/outcome of the matter. Identify all related documents.

16. State whether Plaintiff has been arrested during the last ten years for any reason. If so, state the time, date, arresting authority, offense(s) charged, and the status/outcome of each matter. Identify all related documents.

17. Identify each document reviewed or referred to in preparing responses to these interrogatories.

JACKSON LEWIS LLP

September 13, 2006

By: /s/ John L. Remy
John M. Remy (D.C. Bar No.461244)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on September 13, 2006 copy of the foregoing *Defendant's First Set of Interrogatories to Plaintiff* was sent via overnight delivery service, postage prepaid, to:

Jimmy A. Bell, Esq.
Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
Counsel for Plaintiff

_____

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE DAVIS )<br> )<br>              Plaintiff, )<br> )<br>v. )<br> )<br>COASTAL INTERNATIONAL )<br>SECURITY, INC. )<br> )<br>              Defendant. )<br>_____ ) | 1:0506CV00135 |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Coastal International Security, Inc. ("Coastal) by its attorneys, serves its First Set of Requests for Production to Plaintiff to be answered in compliance with Fed. R. Civ. P. 34 and the local rules of the District Court for the District of Columbia, separately and fully, in writing, and within 30 calendar days of service. In addition to formal written responses, plaintiff may respond by forwarding photocopies of all responsive documents to the office of defendant's counsel: John Remy, Jackson Lewis LLP, 8614 Westwood Center Drive, Suite 950, Vienna, Virginia 22182.

### Instructions

1. Plaintiff must produce all responsive documents that are:

    a. In plaintiff's possession and control;

    b. In the possession or control of any agent; or

  c. Accessible to plaintiff or plaintiff's agent by any reasonable efforts to gain possession of the document.

If plaintiff or plaintiff's agent is aware of any responsive documents that plaintiff is unable to get possession of as instructed above, plaintiff is directed to identify each such document and where the document is located.

  2. If any requested document was in your possession, but no longer is in your possession or control or no longer exists, state whether it is:

  a. Missing or lost;

  b. Destroyed;

  c. Transferred voluntarily or involuntarily to others; and, if so, to whom; or

  d. Otherwise disposed of, when and how it was disposed.

  3. Pursuant to Fed. R. Civ. P. 26(e), these requests are continuing nature. You are requested to produce all additional responsive documents as soon as possible after you learn about such documents.

  4. If plaintiff objects to any of these requests, whether in whole or in part, on the grounds that the information sought is privileged, plaintiff is requested to produce those portions of such documents and/or information as to which no privilege is claimed. With respect to each document, portion of document, or item of information for which a privilege is claimed:

  a. Identify the privileged document or information;

  b. State the date, addressee or recipient(s) and author or initiator of such documents or information; and

    c.    State specifically the exact privilege claimed, together with such facts as will enable the court to determine the merit of the claim of privilege.

5.    Documents should be produced in such a manner as to identify the location and custodian thereof. Documents from any single file should be produced in the same order as they were found in the file. If copies of documents are produced in lieu of originals, such copies shall be legible, bound and stapled in the same manner as the originals.

## Definitions

The following terms have the following meanings in these interrogatories:

1.    "You" and "your" and "plaintiff" mean Renee Davis, and includes her attorneys, representatives and agents.

2.    "Defendant" or "Coastal" means defendant Coastal International Security, Inc.

3.    "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). "Document" also includes the original and every non-identical draft or copy of the original and every draft or copy containing any commentary or notation whatsoever that does not appear on the original. "Document" also includes all forms of tangible evidence.

4.    "Communicate" or "communication" mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or

3

whether face-to-face, by telephone, mail, e-mail, personal delivery, electronically, or otherwise.

5. "Relating to" or "related" mean regarding, consisting of, referring to, constituting, reflecting or being connected with the matter discussed in any way.

6. "Complaint" means the complaint filed in the above-captioned action by plaintiff against defendant.

## REQUESTS FOR PRODUCTION

1. All documents relating to your answers to Defendant's First Set of Interrogatories to Plaintiff, including but not limited to the documents identified in your answers.

2. All documents provided to, received from, or prepared by any individual:

    a. identified in your answer to Interrogatory No. 4;

    b. contacted or interviewed in connection with this matter by or on behalf of Plaintiff.

3. All documents relating to any communication related to your employment with Defendant or the allegations in this case with any federal, state or local administrative agency, including all documents submitted by Plaintiff or on Plaintiff's behalf to the United States Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, any unemployment agency or commission, and any worker's compensation agency or commission.

4. All documents relating to any communication between you and the Federal Protective Service after June 1, 2005.

4

5. All documents relating to any communication related to your employment with Defendant or the allegations in this case with any employee or agent of Defendant, past and present, whether created before or during, your employment with Defendant.

6. All documents relating to any occasions on which you were ever warned, reprimanded, counseled, disciplined, or discharged from any place of employment.

7. All documents relating to any claims of any kind, whether asserted or unasserted, that you may now have or may have had against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, or appeals.

8. All documents relating to your employment with Defendant, including but not limited to all documents concerning:

   a. Defendant's employment policies;
   b. your job duties while employed by Defendant;
   c. your job performance while employed by Defendant;
   d. your suspension/removal from your employment with Defendant;
   e. all contractual agreements between you and Defendant.

9. All documents relating to your efforts to obtain employment from June 29, 2005 to the present, including but not limited to a copy of any resume or correspondence used to apply for each job identified by you in response to Interrogatory Nos. 9 and 10.

10. For each job identified by you in response to Interrogatory No. 9, all documents describing your job title and/or responsibilities, any written employment contracts and all documents showing your rate of compensation.

11. Complete records from each doctor, medical or health care provider, social worker or mental health professional identified in response to Interrogatory Nos. 11 and 12.

12. All documents relating to your claim for damages or the methods used to calculate such alleged damages. For purposes of this Request, "damages" includes attorney's fees if sought by Plaintiff in this case.

13. All documents relating to any income received by you from any source since January 1, 2002, including, but not limited to, pay stubs, Forms W-2 and your federal, state, and local income tax returns.

14. All documents relating to all actions, if any, you have taken to mitigate the damages allegedly caused to you by Defendant.

15. All documents, including notes, records, tape-recordings, computer data, notebooks, memoranda, personal notes, letters, diaries, chronicles, journals, logbooks, appointment books, calendars and/or schedules, which in any way concern any allegation, relationship, conversation, transaction, or event alleged or referred to in Plaintiff's Complaint.

16. All documents you received from Coastal after June 29, 2005.

17. All written statements and other documentation that relate to or reflect any admissions or statements against interest made by any party to this action, or by any current and/or former employee, officer, agent or representative of any party to this action.

18. All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize

any communication between you and Coastal, or anyone known or believed by you to have been acting under the authority of Coastal, concerning the Complaint or its subject matter.

19. All documents relating to any litigation or administrative charge that Plaintiff has instituted against any company, individual or other organization by which Plaintiff has been employed, other than Coastal.

20. All documents relating to any criminal charges brought or filed against Plaintiff after June 1, 2005, including documents relating to the resolution of those charges.

21. All documents relating to any altercation or alleged altercation between you and/or Monay Briggs and/or an FPS officer after June 1, 2005.

22. All documents relating to any communication between you and Monay Briggs after June 1, 2005.

23. All documents relating to any communication between you and Anthony Byrd after June 1, 2005.

24. All documents relating to any period of suspension, layoff or removal from a contract from your employment with Coastal after June 1, 2005, including all documents relating to your reinstatement to employment.

25. All documents relating to your firearms qualification or re-qualification to work for Coastal or on an FPS supervised contract after June 1, 2005.

26. All documents relating to any period of suspension, layoff, or removal from a contract for Monay Briggs or Anthony Byrd.

27. All documents relating to or supporting your claim of retaliation.

28. All documents relating to or supporting your claim of discrimination.

29. All documents not otherwise responsive to Request Nos. 1-28 concerning any fact, allegation, defense or issue in this case.

JACKSON LEWIS LLP

September 13, 2006

By: *[signature]*
John M. Remy (D.C. Bar No.461244)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on September 13, 2006 copy of the foregoing *Defendant's First Request for Production of Documents to Plaintiff* was sent via overnight delivery service, postage prepaid, to:

Jimmy A. Bell, Esq.
Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
Counsel for Plaintiffs

_____

9